United States District Court
Southern District of Texas

**ENTERED**

January 11, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JAMES RYAN ROSS,                    §
                                    §
            Petitioner,             §
                                    §
v.                                  §
                                    §   CIVIL ACTION NO. H-24-0045
DAVID GUTIERREZ,[1]                 §
Chairman, Texas Board of            §
Pardons and Paroles,                §
                                    §
            Respondent.             §

### MEMORANDUM OPINION AND ORDER

James Ryan Ross (former TDCJ #01854481) is presently on parole after serving a sentence of imprisonment in the Texas Department of Criminal Justice ("TDCJ"). Ross has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), seeking relief from a judgment of conviction that was entered against him in 2013. He has also filed a Memorandum to Ross'[s] Petition for a Writ of Habeas Corpus ("Memorandum") (Docket Entry No. 2). After considering all of the pleadings and the applicable law pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, this case will be dismissed for the reasons explained below.

---

[1]The petitioner names Bryan Collier, who serves as Executive Director of the Texas Department of Criminal Justice, as the respondent. Because the petitioner is not in custody of TDCJ, the court substitutes Chairman David Gutierrez of the Texas Board of Pardons and Paroles as the proper respondent under Rule 2(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts.

## I.   Background

On February 19, 2013, Ross received a twenty-year prison sentence in the 9th Judicial District Court of Montgomery County, Texas, after pleading guilty to charges of burglary of a habitation in Case No. 12-12-12875CR.[2] On October 8, 2014, the conviction was affirmed by an intermediate court of appeals, which rejected Ross's claim that he was denied an impartial fact finder when the sentencing judge considered a rejected plea bargain offer for a three-year sentence.  See Ross v. State, No. 09-13-00093-CR, 2014 WL 5035557, at *2 (Tex. App. — Beaumont Oct. 8, 2014, no pet.) (concluding that there was nothing in the record showing that the sentencing court considered plea bargain negotiations for an improper purpose).

On January 4, 2024, the court received Ross's federal habeas Petition, which seeks relief from his conviction in Case No. 12-12-12875CR for the following reasons:

  1.   The prosecutor engaged in misconduct by presenting false testimony in violation of his right to due process.

  2.   His disproportionate sentence constitutes cruel and unusual punishment.

  3.   He was denied effective assistance of counsel when his attorney failed to object to false testimony given by an officer at his sentencing hearing.

---

[2]Petition, Docket Entry No. 1, pp. 2-3.  For purposes of identification all page numbers reference the pagination imprinted on each docket entry by the court's Electronic Case Filing ("ECF") system.

-2-

4.  He was denied compulsory process for a witness when his defense counsel failed to subpoena Ross's physician to testify about his mental health and substance abuse issues.

5.  He filed a timely Motion for a New Trial regarding false testimony.

6.  He was denied effective assistance of counsel when his attorney failed to: (a) request a continuance of the guilty plea proceeding; (b) advise him to accept a plea bargain offer rather than proceed with a sentencing hearing before the trial court in hopes of getting probation; and (c) review the "PSI/PSR" before sentencing.[3]

It appears that these claims were raised in a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure, which Ross filed with the trial court on March 9, 2023.[4] Ross reports that the Texas Court of Criminal Appeals denied this application on findings made by the trial court on September 27, 2023.[5]

## II.  Discussion

### A.  The One-Year Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which established a one-year statute of limitations on federal habeas review.  The applicable limitations period, which is found in 28 U.S.C. § 2244(d), provides as follows:

---

[3]Id. at 6-7, 11-16; Memorandum, Docket Entry No. 2, pp. 2-23.

[4]Petition, Docket Entry No. 1, p. 4.

[5]Id.

(d)(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  A district court may dismiss a habeas petition as untimely on its own initiative where the parties have "fair notice and an opportunity to present their positions." Day v. McDonough, 126 S. Ct. 1675, 1684 (2006).  Ross has submitted his claims for relief on a standard form that sets out the AEDPA statute of limitations in full, affording him ample notice and an opportunity to explain why the Petition is not time-barred.[6]

Because Ross challenges a state court judgment, the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1)(A) began to

_____

[6]See Petition, Docket Entry No. 1, p. 9.

-4-

run when the judgment became final at the conclusion of direct review or the expiration of time to seek such review.  As noted above, the intermediate court of appeals affirmed Ross's conviction on October 8, 2014.  Although Ross did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals, his time to do so expired thirty days later on November 7, 2014.  See Tex. R. App. P. 68.2(a).  Ross's conviction became final on that date, triggering the statute of limitations found in § 2244(d)(1)(A), which expired one year later on November 7, 2015.  See Gonzalez v. Thaler, 132 S. Ct. 641, 656 (2012) (holding that, "with respect to a state prisoner who does not seek [direct] review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires").  The pending federal Petition, which was filed on January 4, 2024, is late by nearly nine years and is therefore time-barred unless a statutory or equitable exception applies.

**B.   Ross is Not Entitled to Statutory Tolling**

A federal habeas petitioner may be entitled to tolling under 28 U.S.C. § 2244(d)(2), which provides that the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period.  Ross reports that he filed a state habeas corpus application under Article 11.07 of the Texas Code of

-5-

Criminal Procedure on March 9, 2023, which the Texas Court of Criminal Appeals denied on September 27, 2023.[7] Because this state habeas proceeding was filed well after the limitations period had already expired, it has no tolling effect for purposes of § 2244(d)(2). See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

The pleadings do not disclose any other basis for statutory tolling. Ross does not allege facts showing that state action prevented him from filing a timely federal petition. See 28 U.S.C. § 2244(d)(1)(B). None of his claims are based on a constitutional right that has been newly recognized by the Supreme Court. See 28 U.S.C. § 2244(d)(1)(C). Likewise, he does not demonstrate that his allegations are based on a new "factual predicate" that could not have been discovered previously if he had acted with due diligence. See 28 U.S.C. § 2244(d)(1)(D). As a result, statutory tolling will not save Ross's untimely Petition.

**C.  Equitable Tolling Is Not Available**

The statute of limitations may be tolled for equitable reasons, but the Supreme Court has emphasized that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that

---

[7]Petition, Docket Entry No. 1, p. 4.

some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)). The chronology in this case reflects extensive delay, and Ross offers no explanation for his failure to pursue habeas review with the requisite diligence. The Fifth Circuit has repeatedly held that "[e]quity is not intended for those who sleep on their rights." Manning v. Epps, 688 F.3d 177, 183 (5th Cir. 2012) (internal quotation marks and citations omitted).

Although Ross represents himself on federal habeas review, a petitioner's pro se status and ignorance of the law do not excuse the failure to file a timely petition and are not grounds for equitable tolling. See Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (noting that "a petitioner's ignorance or mistake is insufficient to warrant equitable tolling"); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of knowledge of applicable filing deadlines," "lack of representation," "unfamiliarity with the legal process," "illiteracy," and "ignorance of legal rights" are not a basis for equitable tolling). Because the pleadings do not otherwise disclose a valid basis for tolling the statute of limitations, the court concludes that this action must be dismissed as untimely filed.

-7-

### III.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  Id.  Because jurists of reason would not debate whether the Petition was properly dismissed, a certificate of appealability will not issue in this case.

### IV.  Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1.  The Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) filed by James Ryan Ross is **DISMISSED with prejudice**.

2.  A certificate of appealability is **DENIED**.

-8-

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 11th day of January, 2024.


SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE